UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CR-10074 |
| ) | |
| CORDELL L. AVANT ) | |
| ) | |
| Defendant. ) | |

### ORDER AND OPINION

This matter is now before the Court on Defendant Cordell L. Avant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 46. For the reasons set forth below, Defendant's Motion is DENIED.

### BACKGROUND

Defendant is currently serving a federal sentence for violating the conditions of supervised release. He was initially released from his underlying federal conviction on April 28, 2009. ECF No. 30 at 3. The Government represents that about five weeks after his release, he and two other men entered a barber shop and started a fight with two other males. ECF No. 49 at 2; *see also* ECF No. 30. Defendant pulled out a handgun, shot a man in the leg and fled. *Id*. He was found guilty of aggravated battery with a firearm and sentenced to 22 years custody in McLean County. Since Defendant violated the terms of his federal supervised release by committing the offense, this Court revoked his supervised released and sentenced him to 24 months to run consecutively to the sentence imposed in McLean, County. ECF No. 32. According to the Government, Defendant has a projected release date of November 29, 2023.

Defendant initially filed his Motion for Compassionate Release *pro se*. The Court appointed him Counsel who filed a Notice of Intent Not to File Amended Motion for Sentence Modification. ECF No. 48. The Government responded (ECF No. 49) and Defendant filed a reply ECF No. 52. The Court also received several letters in support of Defendant. ECF Nos. 50, 51. Accordingly, this matter is now ripe for review.

## LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons file a motion on his or her behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The Seventh Circuit provided further instruction regarding the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons, which includes two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction…. Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id*. The Seventh Circuit has also held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion." *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

## DISCUSSION

The Seventh Circuit has made clear that the exhaustion requirement "is a mandatory, claim-processing rule and therefore must be enforced when properly invoked." *United States v. Sanford,* 986 F.3d 779, 782 (7th Cir. 2021). Here, the Government concedes that Defendant met the exhaustion requirement, so the Court can proceed to the merits.

In support of his Motion, Defendant argues that a change in Illinois law ultimately resulted in him receiving a substantially reduced his sentence for the McLean County offense and that he would not receive the same state sentence if sentenced today. His current federal sentence was separately imposed, and his argument appears to be that his federal sentence should be shortened to account for the too long state sentence. He also states that his mother needs a caretaker and that he needs to get a job to help provide for her. He also points to the progress that he has made while incarcerated and his lack of violent disciplinary violations as further support for his motion for compassionate release.

The Seventh Circuit has held that "extraordinary and compelling reasons" do not include non-retroactive changes to statutory penalties. *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021). A good disciplinary record is also an insufficient basis for a finding of an extraordinary reason for a lower sentence. *United States v. Ugbah*, 4 F.4th 595 (7th Cir. 2021). Accordingly, his assertions regarding the State of Illinois changing the law in such a way that would have reduced

his state sentence do not qualify as an extraordinary and compelling reason for the Federal Court to provide compassionate release. Defendants' progress in programs and personal development also do not provide an extraordinary and compelling reason for the Court to consider compassionate release.

Defendant also provides few details about his mother's condition and does not explain why he would be the only available caretaker. Many incarcerated individuals have family members who could use additional support, Defendant does not provide any indication that his circumstance is extraordinary. *See e.g., United States v. Brown*, No. 02-CR-96-JPS, 2022 BL 458437, at *6 (E.D. Wis. Dec. 22, 2022) (collecting cases rejecting various defendants' bid for release due to family circumstances). Moreover, although the guidelines are not binding in this case, the commentary to U.S.S.G. § 1B1.13 provides two situations in which family circumstances may constitute extraordinary and compelling reasons: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children; and (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Defendant does not argue that either circumstance is present here. His mother needing additional care does not appear to be out of the ordinary or particularly compelling.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release [46] is DENIED

ENTERED this 6th day of January, 2023.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Court Judge