UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CR-10074 |
| ) | |
| CORDELL L. AVANT ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION**

Pending before the Court is a motion Defendant has filed that he titles "Emergency Motion for Compassionate Release" (ECF No. 55) and an Addendum to that Motion (ECF No. 56). Defendant also filed another supplement to that motion recently. (ECF No. 57). Defendant has already had a motion for compassionate release denied, as well as his motion for reconsideration of that denial. However, Defendant's current motion is brought on different grounds. Here, it appears he is not directly complaining about his sentence, but about the computation and application of his good time credits. He appears to assert that he is not receiving appropriate application of good time credit and is inappropriately being denied the option to be placed in a residential reentry program due to a misunderstanding of the rules. As explained below, this is not an appropriate basis for a Motion for Compassionate Release.

Generally, a sentence of imprisonment is final and may not be modified once it has been imposed. 18 U.S.C. § 3582(c). There are narrow circumstances where a court may modify a term of imprisonment including "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c). Motions made under this section are often referred to as "compassionate release" motions. The Seventh Circuit has stated since the policy statements issued by the Sentencing Commission

have not been updated to reflect the changes implemented by the First Step Act of 2018, they are not binding in deciding an inmate-initiated motion for compassionate release, but "remain useful to guide district judges' discretion." *United States v. King*, 40 F.4th 594 (7th Cir. 2022). The Seventh Circuit has further observed that the policy statements "contemplate the release of prisoners afflicted by severe medical conditions or risks, experiencing a family emergency, or otherwise in unusual personal circumstances. They do not hint that the sort of legal developments routinely addressed by direct or collateral review qualify a person for compassionate release." *Id*. The Seventh Circuit has also suggested that compassionate release is also not the appropriate avenue for relief if inmates can obtain relief under other statutes. *United States v. Wolfgang Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) ("the sort of 'extraordinary and compelling' circumstance that §3582(c)(1) addresses is some new fact about an inmate's health or family status, or an equivalent post-conviction development, not a purely legal contention for which statutes specify other avenues of relief—avenues with distinct requirements, such as the time limits in §2255(f)").

The Court finds that Defendant's disagreement with the manner in which his good time credits are applied and his placement in BOP are not an appropriate bases for compassionate release. The jail system has a grievance process and Defendant could consider filing a petition under 28 U.S.C. § 2241 in his district of confinement or other appropriate relief after exhausting administrative remedies. While the Court normally would consider transferring an improperly filed *pro se* petition to the correct district, Defendant already filed a § 2241 Petition in his district of confinement, the Eastern District of Kentucky, around the same time as filing the Petition here. *See Avant v. Gilley*, 23-cv-34 (E.D. KY.). That Petition has been dismissed without

prejudice for failure to exhaust. Accordingly, the Court does not find it would be in the interests of justice to transfer this Petition

The Court cannot find that this qualifies as an extraordinary and compelling reason to grant relief under 18 U.S.C. § 3582(c) since Defendant could pursue other avenues of relief and this also does not otherwise fit within the Seventh Circuit's guidance that new facts about an inmate's health or family status are the sorts of developments appropriate for consideration under §3582(c)(1).

Accordingly, Defendant's Motion for Compassionate Release [55], Addendum to Emergency Motion [56], and Motion for Miscellaneous Relief [57] are DENIED.

ENTERED this 2nd day of May, 2023.

s/ Michael M. Mihm
Michael M. Mihm
United States District Court Judge
